NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| LOUIS PAUL TOSCANO, pro se, : | |
| : | Civ. No. 05-3539 (GEB) |
| Plaintiff, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| AT&T CORPORATE HEADQUARTERS, : | |
| Defendant. : | |

**BROWN, District Judge**

This matter comes before the Court upon the application of pro se plaintiff Louis Paul Toscano ("Plaintiff") for the appointment of pro bono counsel. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered Plaintiff's submission and having decided this matter without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons discussed below, will deny Plaintiff's application.

**I.  BACKGROUND**

On or about March 16, 2005, Plaintiff filed the instant complaint, bringing a claim of employment discrimination on the basis of disability, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against defendant AT&T Corporate Headquarters ("AT&T"), following receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). On October 6, 2005, Plaintiff filed an application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a). On October 20, 2005, this Court granted Plaintiff's

application to proceed in forma pauperis and ordered the Clerk to notify Plaintiff of the opportunity to apply for the appointment of pro bono counsel.

**II. ANALYSIS**

"The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997)(citations omitted). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts are vested with broad discretionary authority to determine whether counsel should be designated to such a civil pro se plaintiff. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

> [T]he appointment of counsel for an indigent plaintiff in a civil case under 28 U.S.C. §1915[(e)(1)] is discretionary with the court and is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but meritorious case.

Id. at 154 (citation omitted). However, the Third Circuit has clearly indicated that courts should be careful in appointing pro bono counsel because volunteer lawyer time is a precious commodity and it should not be wasted on frivolous cases. See Parham, 126 F.3d at 458. Therefore, the appointment of counsel should be given consideration only if the plaintiff has not alleged a frivolous or malicious claim, but one that has "some merit in fact and law." Id. at 457 (citation omitted).

If the court determines that the claims do indeed have some merit in fact and law, then

2

additional factors should be considered. These factors include: (1) the plaintiff's ability to present his or her case based on such factors as education, literacy, prior work experience, prior litigation experience, the substantive nature of the claim, and/or the ability to understand English; (2) the complexity of the legal issues involved and the lawyering skills required for an effective presentation of the claim; (3) whether the claims are likely to require extensive discovery or compliance with complex discovery rules; and (4) whether the case is likely to turn on credibility determinations or if expert testimony is necessary. See Tabron, 6 F.3d at 155-56. The Third Circuit noted that this list is not exhaustive, and stressed that the "appointment of counsel remains a matter of discretion; section 1915[(e)(1)] gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis." Id. at 157-58 (citations omitted). Moreover, the court emphasized that these considerations should be balanced against "the significant practical restraints on the district courts' ability to appoint counsel," such as: the growing number of prisoner civil rights actions filed in federal court; the lack of funding to pay for the appointed counsel; the limited number of competent attorneys willing to undertake such cases without compensation; and the valuable time lawyers volunteer for such representation. See id. at 157.

To establish a prima facie case of discrimination under the ADA, Plaintiff must show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Taylor v. Phoenixville School Dist., 184 F.3d 296, 306 (3d Cir. 1999)(citations omitted). The ADA defines "disability" as "(A) a physical or mental impairment that

substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §§ 12102(2)(A)-(C).

"The ADA does not define 'major life activities.'" Kelly v. Drexel University, 94 F.3d 102, 105 (3d Cir. 1996)(citation omitted). The EEOC regulations, however, state "that an individual is substantially limited in a major life activity if he is '[u]nable to perform a major life activity that the average person in the general population can perform' or is '[s]ignificantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." Id. (citing 29 C.F.R. § 1630.2(j)). "The question of whether an individual is substantially limited in a major life activity is a question of fact." Williams v. Philadelphia Housing Auth. Police Dep't, 380 F.3d 751, 763 (3d Cir. 2004), cert. denied, 125 S. Ct. 1725 (2005)(citing Gagliardo v. Connaught Laboratories, Inc., 311 F.3d 565, 569 (3d Cir. 2002)).

Summarizing the regulations addressing the major life activity of working, the Supreme Court has held that "[t]o be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs." Williams, 380 F.3d at 763 (quoting Sutton v. United Air Lines, Inc., 527 U.S. 471, 493 (1999)).

This Court finds that Plaintiff's claims have "some merit in fact and law." Plaintiff's

complaint alleged that AT&T regards Plaintiff as having an impairment within the definition of disability under the ADA, by virtue of being declared totally disabled from work.  Plaintiff further alleges that he was terminated from that position on the basis of his disability.

  However, the Court finds that the appointment of pro bono counsel is unnecessary given the analytical framework required for Plaintiff's claim.  Once Plaintiff has stated a prima facie case, the burden shifts to AT&T "to articulate a legitimate, nondiscriminatory reason for its employment action.  If [AT&T] meets this burden, the presumption of intentional discrimination disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence demonstrating that the employer's explanation is pretextual."  <u>Raytheon Co. v. Hernandez</u>, 540 U.S. 44, 49 n.3 (2003).  Resolution of this claim will not turn on complex legal issues or require extensive discovery, especially with respect to the latter issue in light of Plaintiff's claim that he has already obtained access to allegedly erroneous medical records relied upon by AT&T.  After reviewing Plaintiff's application, the Court further notes that Plaintiff is able to communicate the substantive nature of his claims and the accompanying facts clearly and coherently.  Mindful of the practical restraints on the Court's ability to appoint counsel, this Court finds that it is inappropriate to appoint counsel under the present facts.  Accordingly, Plaintiff's application for pro bono counsel must be denied.  However, as stated in the instructions on Plaintiff's application, this initial denial does not preclude subsequent applications as the case progresses.

### III.  CONCLUSION

  For the foregoing reasons, Plaintiff's application for the appointment of pro bono counsel is denied.  An appropriate form of order is filed herewith.


Dated: November 30, 2005


                <u>   s/ Garrett E. Brown, Jr.         </u>
                GARRETT E. BROWN, JR., U.S.D.J.