NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LOUIS PAUL TOSCANO, pro se, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> AT&T CORPORATE HEADQUARTERS, : <br> : <br> Defendant. : <br> : | Civ. No. 05-3539 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

      This matter comes before the Court upon the second application of pro se plaintiff Louis Paul Toscano ("Plaintiff") for the appointment of pro bono counsel.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  The Court, having considered Plaintiff's submission and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will grant Plaintiff's application.

**I.  BACKGROUND**

      On or about March 16, 2005, Plaintiff filed his Complaint, alleging employment discrimination on the basis of disability, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against defendant AT&T Corporate Headquarters, following receipt of a right-to-sue letter from the Equal Employment Opportunity Commission.  On October 6, 2005, Plaintiff filed an application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a).  On October 20, 2005, this Court granted Plaintiff's application to proceed in

forma pauperis and ordered the Clerk to notify Plaintiff of the opportunity to apply for the appointment of pro bono counsel.  On October 31, 2004, Plaintiff filed an application for pro bono counsel, which was denied without prejudice by this Court in a Memorandum Opinion and Order dated November 30, 2005.  On January 13, 2006, Plaintiff filed his second application for pro bono counsel.  Following that application, an order was entered by the magistrate judge consolidating this action with two other related matters filed by Plaintiff for discovery and case management purposes only.

## II.  ANALYSIS

"The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."  Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997)(citations omitted).  However, a court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  District courts are vested with broad discretionary authority to determine whether counsel should be designated to such a civil pro se plaintiff.  See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

> [T]he appointment of counsel for an indigent plaintiff in a civil case under 28 U.S.C. §1915[(e)(1)] is discretionary with the court and is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but meritorious case.

Id. at 154 (citation omitted).  However, the Third Circuit has clearly indicated that courts should be careful in appointing pro bono counsel because volunteer lawyer time is a precious

commodity and it should not be wasted on frivolous cases. See Parham, 126 F.3d at 458. Therefore, the appointment of counsel should be given consideration only if the plaintiff has not alleged a frivolous or malicious claim, but one that has "some merit in fact and law." Id. at 457 (citation omitted).

If the court determines that the claims do indeed have some merit in fact and law, then additional factors should be considered. These factors include: (1) the plaintiff's ability to present his or her case based on such factors as education, literacy, prior work experience, prior litigation experience, the substantive nature of the claim, and/or the ability to understand English; (2) the complexity of the legal issues involved and the lawyering skills required for an effective presentation of the claim; (3) whether the claims are likely to require extensive discovery or compliance with complex discovery rules; and (4) whether the case is likely to turn on credibility determinations or if expert testimony is necessary. See Tabron, 6 F.3d at 155-56. The Third Circuit noted that this list is not exhaustive, and stressed that the "appointment of counsel remains a matter of discretion; section 1915[(e)(1)] gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis." Id. at 157-58 (citations omitted). Moreover, the court emphasized that these considerations should be balanced against "the significant practical restraints on the district courts' ability to appoint counsel," such as: the growing number of prisoner civil rights actions filed in federal court; the lack of funding to pay for the appointed counsel; the limited number of competent attorneys willing to undertake such cases without compensation; and the valuable time lawyers volunteer for such representation. See id. at 157.

In denying Plaintiff's first application, although the Court found that Plaintiff's claims

3

have "some merit in fact and law," the Court concluded that the appointment of pro bono counsel was inappropriate under the factors set forth in Tabron. However, since Plaintiff's first application, he has filed two additional actions that are now consolidated with the instant action for discovery and case management purposes. As a result, the necessary discovery for the consolidated cases has expanded, as have the number of claims and their attendant complexity. Accordingly, Plaintiff's present situation is markedly different from the time of his initial application and therefore Plaintiff's application for pro bono counsel is granted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's application for the appointment of pro bono counsel is granted. An appropriate form of order is filed herewith.

Dated: March 27, 2006

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.