NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS PAUL TOSCANO, ) | |
| Plaintiff, ) | Civil Action No. 05-3539 (GEB) |
| v. ) | **MEMORANDUM OPINION** |
| AT&T CORPORATE HEADQUARTERS, ) | |
| Defendant. ) | |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, of Defendant AT&T Corporate Headquarters ("Defendant" or "AT&T"). The Court has fully reviewed all documents filed and submitted and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendant's motion.

**BACKGROUND**

Plaintiff Louis Paul Toscano ("Plaintiff" or "Toscano") is a former employee of Defendant AT&T. (Def. Br. at 3; Pl. Opp'n at 1.) Mr. Toscano was employed by AT&T from 1989 until 1992, when he was placed on AT&T's long term disability plan. (Certification of Damian C. Shammas ("Shammas Cert.") Ex. A; Pl. Opp'n at 3.) AT&T contends that Mr. Toscano applied for, and was voluntarily assigned to, AT&T's long-term disability plan. (Def. Br. at 3, 5.) Mr. Toscano, on the other hand, argues that the placement was involuntary. (Pl. Opp'n at 4-5.)

On February 24, 2005, Mr. Toscano filed a charge of discrimination against AT&T with the Equal Employment Opportunity Commission ("EEOC"). (Shammas Cert. Ex. A, at 2.[1]) The EEOC deemed the charge to be untimely, and dismissed it on March 15, 2005. (*Id.* at 3.) On June 6, 2005, Mr. Toscano filed a complaint against AT&T in the Superior Court of New Jersey, Law Division (the "Complaint"). (Compl.; Shammas Cert. Ex. A, at 1.) Mr. Toscano alleged that AT&T discriminated against him on the basis of his disability and violated his rights under the Americans with Disabilities Act of 1990 (the "ADA") by denying Mr. Toscano the disability benefits he sought. (Compl. at 2.) On July 13, 2005, Defendant removed the action to this Court. On October 27, 2006, Defendant moved for judgment on the pleadings, or in the alternative, for summary judgment.

**DISCUSSION**

    **A.**    **STANDARD**

AT&T seeks review of Plaintiff's pleadings under Federal Rule of Civil Procedure 12(c). That rule provides as follows:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED. R. CIV. P. 12(c). As with a Rule 12(b)(6) motion, this Court must analyze a Rule 12(c)

---

[1] Both Mr. Toscano's EEOC Charge of Discrimination form and his New Jersey Superior Court Complaint are included within Exhibit A to Mr. Shammas' Certification. It appears that Mr. Toscano intentionally incorporated the Charge form into his Complaint.

motion to dismiss "view[ing] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." *Mele v. Fed. Reserve Bank*, 359 F.3d 251, 253 (3d Cir. 2004) (quotations omitted), *quoting Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002). "[T]he motion should not be granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Mele*, at 253 (quotations omitted), *quoting Leamer*, at 535.

### B. APPLICATION

AT&T argues that Mr. Toscano's Complaint "fails to state a claim because his claims are time-barred," and should therefore be dismissed. Def. Br. at 1-2. This Court agrees.

Mr. Toscano's Complaint alleges that he suffered discrimination at the hands of his employer on the basis of his disability, in violation of the ADA. *See* Compl. at 2. "Under the ADA, prior to filing an employment discrimination action, an employee must file a timely charge of discrimination with the EEOC." *Gloeckl v. Giant Eagle, Inc.*, 176 Fed. App'x 324, 325 (3d Cir. 2006); *citing* 42 U.S.C. § 12117(a). "For a charge to be timely, an employee normally must file it with the EEOC within 180 days of the alleged unlawful employment practice." *Gloeckl*, at 325-26, *citing* 42 U.S.C. § 2000e-5(e)(1).² However, in a deferral state – i.e. "a state that has a

---

² That statute provides, in relevant part:

> (e) . . . (1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge . . . shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *such charge shall be filed by or on behalf of the person aggrieved within three*

state or local law prohibiting the practice alleged and has established or authorized the state or local authority to grant or seek relief from practices prohibited under the ADA" – the employee has "300 days from the date of the alleged unlawful employment practice in which to file [a] charge of discrimination." *Gloeckl*, at 326, *citing Cardenas v. Massey*, 269 F.3d 251, 255 n.2 (3d Cir. 2001); *see also* 42 U.S.C. § 2000e-5(e).

      Mr. Toscano's employment with AT&T ended in 1992. Since New Jersey is a deferral state, *see Mufalli v. Billows Eletric Supply Co.*, No. 89-7932, 1990 U.S. Dist. LEXIS 2935, at *2 (E.D. Pa. March 16, 1990), Mr. Toscano had 300 days from the date of the alleged unlawful employment practice to file a charge of discrimination. *See* 42 U.S.C. § 2000e-5(e). Mr. Toscano, however, only filed his discrimination charge with the EEOC on February 24, 2005 – well over 10 years after his last day of employment at AT&T. As the EEOC noted in dismissing it on March 15, 2005, Mr. Toscano's charge was untimely. So is his Complaint in the case at bar.

      Even viewing all evidence in the light most favorable to non-movant, the Court finds that there can be no material issue of fact that Mr. Toscano's employment discrimination charge was time-barred. *See Monell v. V.I. Dep't of Planning and Natural Res.*, No. 05-5528, 2006 U.S. App. LEXIS 31241 (3d Cir. Dec. 19, 2006) (affirming district court's decision holding that employee's claim for employment discrimination in violation of, *inter alia*, the ADA, was time-

---

> *hundred days after the alleged unlawful employment practice occurred*, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e-5(e) (emphasis added).

barred because the employee's EEOC complaint was not filed within 300 days of employment termination.); *Gloeckl*, 176 Fed. App'x at 326 (3d Cir. 2006) (affirming district court's opinion that it lacked jurisdiction to hear plaintiff's ADA claim because she had filed her EEOC charge more than 300 days after the adverse employment action.). The Court therefore does not have jurisdiction over this matter.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion for judgment on the pleadings. Mr. Toscano's Complaint is dismissed without prejudice. An appropriate form of Order accompanies this Opinion.

Dated: March 7, 2007

                                                s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.